Christian, J.
This is a supersedeas to a judgment of. the Circuit court of Bockingham county. The only error assigned -in the petition of the plaintiff' in error, is the refusal of the court below to set aside the verdict and grant a new trial.
The rules of law under which a court is warranted in setting aside the verdict of a jury and granting a new trial, are too well settled and firmly established, by the decisions of this court, to admit of doubt, or even serious discussion.
A new trial asked on the ground that the verdict is contrary to the evidence, ought to be granted only in a case of plain deviation from right and justice ; not in a doubtful case, merely because the court, if on the jury, would have given a different verdict. Where a case has been fairly submitted to a jury, and a verdict fairly rendered, it ought not to be interfered with by the court, unless manifest wrong and injustice has been done, or unless the verdict is plainly not warranted by the facts proved.
In Grayson's case, 6 Grat. 712, Judge Scott, in an *216 opinion remarkable for its clearness and brevity, has dec|ucec[ fr0m the decisions of this court and of the General court, the following leading principles which govern motions for new trials.
“ new trial will be granted :
“I. Where the verdict is against law. This occurs where the issue involves both fact and law and the verdict is against the law of the case on the facts proved.
“ II. Where the verdict is contrary to the evidence. This occurs when the issue involves matter of fact only, and the facts proved required a different verdict from that-found by the jury.
“III. Where the verdict is without evidence to support it. This occurs when there has been no proof whatever of a material fact or not sufficient evidence of the fact or facts in issue. Where some evidence has been given which tends to prove the fact in issue, or the evidence consists of circumstances and presumptions, a new trial will not be granted merely because the court, if upon the j ury would have given a different verdict. To warrant a new trial in such cases, the evidence should be plainly insufficient to warrant the finding of the jury.” 6 Gratt. 712-4. This restriction applies a fortiori to an appellate court. For in the appellate court, there is superadded to the weight which must always be given to the verdict of a jury fairly rendered, that of the opinion of the judge who presided at the trial, which is always entitled to peculiar respect upon the question of a new trial. Brugh v. Shanks, 5 Leigh, 598.
Where a case depends upon the tendency and weight of evidence, and the jury and judge who tried the cause concur in the weight and influence to be given to the evidence, it would be an abuse of the appellate powers of this court, to set aside a verdict and judgment, because the judges of this court, from the evidence as it is written down, would not have concurred in the verdict. *217 Hill's case, 2 Gratt. 594. See, also, case recently decided at Wytheville. Bell v. Alexander, Supra 1.
Applying these well settled rules of law to the before us, we cannot say, that the verdict was not supported by the evidence ; or that there was such a plain deviation from right and justice in this case as to warrant this court in overruling the verdict of a jury and judgment of a court, who had the witnesses before them, who knew both parties and witnesses, and who were peculiarly competent to give just and proper influence to the evidence.
And even if the facts proved as they are now presented upon the record, might tend to lead us to a different conclusion from that at which the jury arrived; yet there are many facts and circumstances in the case which might well justify the jury who knew the parties, and understood the peculiar relations exisiting between them, in finding the verdict which they have rendered. It was proved that Anna Blosser, the plaintiff’s intestate, was the aunt of the obligor, Jacob Blosser, whose bond was placed in the hands of the defendant in .error, (Joseph Ilarshbarger,) for collection ; aud that the latter was also her near relative. It was also proved that all these parties were members of the “ Menonite” church, and that it was against the creed or rules of that church, for its members to sue each other. And while of course the mere relationship of the parties and their church relations or church creed could not affect their legal rights and liabilities, yet these are circumstances proper to be considered by tbe jury, in ascertaining what was 'the true understanding and agreement of the parties arising out of the receipt executed by the defendant in error. These peculiar relations of the parties, taken in connection with the receipt itself, might well warrant the jury in coming to the conclusion that it was not intended by Mrs. Blosser that her nephew, w:hom she had already indulged for fourteen years, should be pressed by a suit *218 or other coercive means ; and that no such obligation was assumed by the defendant in error. With a full knowledge of the near and intimate relations of the parties? being himself related to both, and with a knowledge too of the peculiar tenets of their church, of which he was a member also, he executed a receipt for the collection of the bond, If it had been the intention of plaintiff's intestate, that her nephew should be sued for the amount due to her, she would have placed the bond in the hands of an attorney for collection by suit or otherwise. She. does not do that, but hands it to a mutual relation, to collect it of her nephew. Though she lived for years after this, and knew that no suit had been brought, (for in 1860 she certainly knewr the bond v?as still in the hands of Harshbarger), yet she never directs him to sue/nor complains that he had not put the bond in suit. After her death, her administrator brings this suit, seeking to fix liability upon him, (not for any money collected upon this bond, for he never collected a dollar), for his neglect in not bringing suit. It is doubtful, upon the facts certified, whether the money could have been made even if suit had been brought upon the bond of Jacob Blosser. It is true that he had a small personal estate, and a solvent bond due to him, amounting to about five hundred dollars, which he proposed at one time to assign in part payment of his debt; but this was never done ; and it would seem it was not done at the time proposed because of the failure of the defendant to produce the bond. To the extent of the amount of that bond it may be, this court, if it had been the jury, would have held him accountable. But the whole case was one peculiarly proper to be submitted to a jury, who are the proper judges of the weight of the evidence ; and the verdict having been fairly rendered, and approved by the judge before whom the case was tried, it would be a violation of the well settled principles of law so often adjudicated by the courts, as well as an unwarranted abuse of the *219 appellate powers of this court, to set aside the verdict and judgment because the judges of this court might not concur with the verdict of the jury, upon the facts as ■ they are certified here.
I am of opinion that the judgment of the Circuit court of Bockingham should be affirmed.
The other judges concurred in the opinion of Christian, J.
Judgment affirmed.